# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PIERRE PINSON, | ) |
| | ) Civil Action No. 11 - 572 |
| Petitioner, | ) |
| | ) Chief District Judge Gary L. Lancaster |
| v. | ) |
| | ) |
| B. COLEMAN, Superintendent, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

On May 2, 2011, the above captioned case was initiated by the filing of a Petition for Writ of Habeas Corpus (ECF No. 1) and was referred to a united states magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules for Magistrate Judges.

The magistrate judge filed a Report and Recommendation on May 19, 2011 (ECF No. 5) recommending that the Petition for Writ of Habeas Corpus be dismissed without prejudice because Petitioner is pursuing post conviction remedies in the state courts. On May 24, 2011, Petitioner filed a Motion for Stay and Abeyance (ECF No. 7), which the Court will construe as an objection to the Report and Recommendation. Petitioner's Motion for Stay and Abeyance is not necessary because the federal habeas limitation statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, once Petitioner files a timely PCRA petition, the federal clock stops running and does not begin to run again until the end of

Petitioner's post conviction proceedings. *See* <u>Stokes v. District Attorney of County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir. 2001) (holding that Petitioner's one-year AEDPA limitations was tolled while he was pursuing his PCRA proceeding from April 26, 2005 through November 14, 2007, the date the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal).[1] Accordingly, Petitioner's objections do not undermine the recommendation of the magistrate judge.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

AND NOW, this 14th day of June, 2011;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Stay and Abeyance (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 5) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED.**

---

[1]. Petitioner should note that the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the statute of limitations on filing a habeas petition.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court,

_____
Gary L. Lancaster
United States District Judge, Chief

cc: Pierre Pinson
EK - 2844
S.C.I. Fayette
50 Overlook Drive
LaBelle, PA 15450